# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLANGE CHADDA, et al., pro se, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 10-4029 |
| JEFF MULLINS, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, S.J.**                                                                                                  **NOVEMBER 9, 2010**

      Presently pending before this Court are several motions to dismiss the complaint, as well as numerous responses and motions filed by pro se Plaintiffs, Solange Chadda ("Chadda") and Kelly Hall ("Hall"). As several of the motions raise the issue of jurisdiction, I have elected to review the Complaint and Amended Complaint, as well as other pertinent documents, to determine the existence of subject matter jurisdiction. After careful review, I find that this Court lacks subject matter jurisdiction to consider this case and will, accordingly, dismiss it.

## I. BACKGROUND

      Chadda filed this action pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, alleging that Defendants violated "federal laws." (Compl. p. 2-6; Am. Compl. p. 2.) She seeks damages in the amount of ten million dollars regarding claims of "cruelty of [sic] animals, estortion [sic], ransom, kidnapping situation [sic], hostages situation [sic]" in relation to dealings

with Defendants concerning her horse and dog.¹ (Compl. p. 5-6.) Six days after the filing of the Complaint, an Amended Complaint was filed adding Hall as a plaintiff alleging that Defendants "broke the Federal laws."² (Am. Compl. p. 2.)

## II.  DISCUSSION

Federal district courts have subject matter jurisdiction over cases that raise federal questions and meet the standards for diversity jurisdiction. See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing 28 U.S.C. §§ 1331-1332). Under Section 1331, a district court has federal question jurisdiction over "a colorable claim arising under the Constitution or laws of the United States." Id. (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). Under Section 1332, a district court has diversity jurisdiction over "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. (citing 28 U.S.C. § 1332(a)). If neither standard applies, and a "federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." Id. at 514.

---

¹Chadda and Hall have standing to sue; therefore, I will not consider whether the animals named as plaintiffs have standing to sue in their own right. See Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency, 126 F.3d 461, 466 n.2 (3d Cir. 1997) ("It is not disputed that the human plaintiffs have standing to sue under the Endangered Species Act, and therefore we need not consider the standing to sue of the animals named as plaintiffs.")

²Although an amended complaint supercedes the original complaint, see Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002), I have considered the original Complaint along with the Amended Complaint when considering this action. Regarding the four amended complaints improperly filed by Plaintiffs without leave of court, I have reviewed each for the sole purpose of determining subject matter jurisdiction.
   Also, Chadda improperly attempts to represent Hall. "Although an individual is entitled to represent himself *pro se,* he may not act as an attorney on behalf of others in federal court." Faison v. Kaiser Aluminum Corp., No. 10-51, 2010 WL 3419905, at *1 n.1 (E.D. Pa. Aug. 26, 2010) (citing Lutz v. Lavelle, 809 F. Supp. 323, 325 (M. D. Pa. 1991); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."))

**A. Federal Question Jurisdiction**

Federal question jurisdiction arises where federal law creates the cause of action, or where the complaint, on its face, poses a federal question. See Club Comanche, Inc., v. Gov't of V.I., 278 F.3d 250, 259 (3d Cir. 2002) (citing 28 U.S.C. § 1331). Plaintiffs have categorized this action as a "federal question" case; however, granting the pleadings the liberal construction allowed pro se plaintiffs, it does not present a federal question.[3] There is no claim of any conduct violating any constitutional or federal statutory right. Plaintiffs' pleadings and claims are confusing, and difficult to discern. It appears that they are attempting to assert a personal injury lawsuit possibly involving various common law torts, and alleged criminal activity, against private parties. They make no reference to any rights protected by the United States Constitution. Also, there are no allegations that any state action violated their rights.

Plaintiffs include federal criminal statute 18 U.S.C. § 875, Interstate Communications, as a cause of action.[4] "A private individual may sue under a federal statute only when Congress intended to create a private right of action." Walthour v. Herron, No. 10-1495, 2010 WL 1877704, at *2 (E.D. Pa. May 6, 2010) (citing Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). Private individuals generally lack the authority to enforce federal criminal statutes. Walsh v. Krantz, No. 07-616, 2008 WL 2329130, at *4 (M.D. Pa. June 4, 2008), aff'd, No. 10-

---

[3]Federal courts "must read a pro se plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a pro se plaintiff than to a Complaint drafted by counsel." Perlberger v. Caplan & Luber, LLP, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001), aff'd, 52 F. App'x 188 (3d Cir. 2002); see also Bush v. City of Phila., 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005).

[4]Plaintiffs appear to have mailed some Defendants a different complaint that has not been filed with the Court. (Mot. to Dismiss Pursuant to Rule 12(b)(1)-(6) of Woody Hildebrandt, Joni Hildebrandt and H.E.C.K. Ranch, Ex. B.) In order to perform a comprehensive analysis of subject matter jurisdiction, I considered this document.

1217, 2010 WL 2724460, at *1 n.2 (3d Cir. July 12, 2010). 18 U.S.C. § 875 does not authorize a private cause of action, therefore, it does not provide a basis for federal question jurisdiction. See id. at *4 (finding that 18 U.S.C. § 875 does not provide for a private right of enforcement). As a result, there is no subject matter jurisdiction in this Court based on federal question.

### B. Diversity Jurisdiction

District courts also have original jurisdiction over matters in which there is complete diversity of citizenship among of the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1). "Jurisdiction under 28 U.S.C. § 1332(a)(1) . . . requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003) (citation omitted). An individual is deemed to be a citizen of the state where she is domiciled. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008) (citation omitted). Corporations are citizens both of the state where they are incorporated and of the state where they have their principal place of business. Id. (citing 28 U.S.C. § 1332(c)).

According to a declaration filed with the Court by Hall, she is a citizen of the State of Arkansas.[5] (Docket No. 38.) The Complaint states that Defendants, David Jolly and Stepahead Farm, are citizens of the State of Arkansas. (Compl. p. 3.) As a result, there is no jurisdiction in

---

[5]In the Amended Complaint, Hall originally claimed that she was a resident of both Pennsylvania and Arkansas. (Am. Compl. p. 2.) On October 22, 2010, for purposes of establishing subject matter jurisdiction, Hall was ordered to file a declaration regarding her citizenship in a particular state at the time of the filing of the Amended Complaint on August 17, 2010. (Docket No. 33.) On November 2, 2010, a declaration by Hall was filed declaring that she resides in Garland County, Arkansas, and occasionally visits Philadelphia, Pennsylvania. (Docket No. 38.)

this Court based upon diversity among the parties.

**III.     CONCLUSION**

After a careful review of the relevant pleadings, documents, and Hall's declaration, neither federal question nor diversity jurisdiction are present in this case. As a result, this action is dismissed for lack of subject matter jurisdiction.

An appropriate Order follows.